People *ex rel.* Allen *v.* Martin *et al.,* Police Commissioners.

(*Supreme Court, General Term, First Department.* January 24, 1890.)

Municipal Corporations—Discharge of Policemen.

The proceedings of the police commissioners in dismissing a policeman for scuffling with a fellow-policeman will not be reversed because accused was not allowed to show that the other person was drunk, and that he was trying to arrest him, when the evidence of other parties shows that it was merely a quarrel.

*Certiorari* to review the action of the police commissioners in dismissing the relator, Myron Allen, from the police force.

Argued before Van Brunt, P. J., and Brady and Daniels, JJ.

*James M. Lyddy,* for relator. *George S. Coleman,* for respondents.

Van Brunt, P. J. The relator was dismissed from the police force upon the ground of misconduct, in that he had engaged in a quarrel in the station-house with a brother officer, named Weston. Weston was a witness upon the trial of the relator, and the relator desired to prove that Weston was intoxicated at the time of the quarrel, and that therefore he could not be believed, and also as a justification upon the part of the relator of his alleged attempt to put him under arrest. We think that the relator had the right to show Weston's condition, and should have been permitted to do so; and, if his removal depended at all upon Weston's testimony, his conviction should be reversed. But, upon an examination of the record, it appears that upon the vital point in this case, which characterizes the whole affair, the relator is contradicted by four witnesses besides Weston, and his claim that he was attempting to arrest Weston disproved. That the parties were engaged in a scuffle of some sort is admitted; and the relator attempts to justify his part of the transaction by claiming that Weston was drunk and abusive, and that the relator was attempting to arrest him, when the scuffle took place. He says that he seized him by the body, and removed him from the office into the passage-way leading to the back room, and also leading down-stairs to the prison; that at no time was he on him, and at no time was he (the relator) off his feet. The relator further says that during this struggle something ran against Weston, and he got a black eye, (he thinks it was the door-post;) and that after Weston became quiet he was pretty well exhausted, and he (the relator) let him go, and never attempted to make the arrest. Officer Whitington, who was examined for the relator, says that he, with three other officers, were in the back room, and, although they saw these men scuffling on the floor, they did not interfere. It does not appear that the relator called for any assistance, and that the relator had Weston on his back, on the floor. The relator appeared to be standing; and the witness did not think that it was a very serious quarrel between the sergeants, as they were not striking one another. He evidently did not dream that the relator was attempting to arrest

Weston.    Officers Whitbeck, Flaherty, Adams, Newham, and Callahan all testify that they saw some part of the scuffle, and that they saw the relator on the top of Weston, upon the floor, and that the relator refused any interference; and by every person who saw the occurrence it was regarded as a quarrel between the relator and Weston.    The evidence outside of Weston's is so conclusive upon this point that no other conclusion could be arrived at than that this idea of the relator, of an arrest of Weston, was an after-thought. Weston probably insulted him, and they got into a fight in the station-house; a breach of discipline which could not be overlooked.

The objection that the rules annexed to the return give no power to the commissioners to remove the relator is not well taken, as they have ample power under the statute.    Chapter 410, Laws 1882, §§ 250, 272, as amended by chapter 180, Laws 1884, §§ 1, 7.    The proceedings of the respondents should be affirmed, and the writ dismissed.    All concur.